1  **VENABLE LLP**
2  Shannon E. Beamer (SBN 331289)
   Email:    sebeamer@venable.com
3  Nicole N. King (SBN 290204)
   Email:    nnking@venable.com
4  2049 Century Park East, Suite 2300
   Los Angeles, CA  90067
5  Telephone:   (310) 229-9900
   Facsimile:   (310) 229-9901

6  **VENABLE LLP**
7  Steven E. Swaney (SBN 221437)
   Email:    seswaney@venable.com
8  101 California Street, Suite 3800
   San Francisco, CA 94111
9  Telephone: (415) 653-3750
   Facsimile: (415) 653-3755

10  Attorneys for Defendants
    MERCK & CO., INC.,
11  MERCK SHARP & DOHME CORP.,
    ORGANON & CO., and ORGANON LLC
12

13             **UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

16  JOSHUA ROSEWOLF, an individual,          CASE NO.
    and VERONICA LEWIS, an individual,
17
                                             **NOTICE OF REMOVAL AND**
18                       Plaintiffs,          **REMOVAL OF ACTION UNDER 28**
                                             **U.S.C. §§ 1332 (a), 1441(b) AND 1446**
        v.                                   **BY DEFENDANTS MERCK & CO.,**
19                                           **INC., MERCK SHARP & DOHME**
    MERCK & CO., INC., a New Jersey          **CORP., ORGANON & CO., AND**
20  Corporation; MERCK SHARP &               **ORGANON LLC**
    DOHME CORP., a New Jersey
21  Corporation; ORGANON & CO., a            [Humboldt County Superior Court
    Delaware Corporation; ORGANON            Case No. 22-cv-00307]
22  LLC, a Delaware Limited Liability
    Company; and DOES 1-10, Inclusive,
23
24                                           Action Filed:     March 4, 2022
                         Defendants.         Action Removed: March 31, 2022
25                                           Trial Date:       None Set
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Organon & Co., and Organon LLC (collectively, "Defendants") hereby give notice that the above-captioned action, pending in the Superior Court of the State of California, County of Humboldt, is removed to the United States District Court for the Northern District of California.  In support of the removal, Defendants respectfully state as follows:

1. This is a civil action, filed on or about March 4, 2022, by Plaintiffs Joshua Rosewolf and Veronica Lewis (collectively, "Plaintiffs") in the Superior Court of the State of California, County of Humboldt, entitled *Joshua Rosewolf, et al. v. Merck & Co., Inc., et al.,* Humboldt County Superior Court Case No. 22-cv-00307.  Attached to the Declaration of Shannon E. Beamer as Exhibit 1 is a true and correct copy of the state court filings Defendants obtained, including the Complaint, Summons, Civil Case Cover Sheet, Notice of Inclusion in Delay Reduction Program and Notice of Case Management Conference, as well as the state court docket at the time of filing.

2. This case is properly removed to this Court under 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

3. This action is among citizens of different states: (1) Plaintiffs are, and were at the time the Complaint was filed, citizens of California; (2) Merck & Co., Inc., is now, and was at the time this action commenced, a citizen of New Jersey;

---

[1] Defendants file this Notice of Removal without submitting or consenting to the personal jurisdiction of this Court and expressly reserves the right to challenge this Court's ability to exercise personal jurisdiction over Defendants in this case, including through a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1   (3) Merck Sharp & Dohme Corp. is now, and was at the time this action

2   commenced, a citizen of New Jersey; (4) Organon & Co. is now, and was at the

3   time this action commenced, a citizen of Delaware and New Jersey; and (5)

4   Organon LLC is now, and was at the time this action commenced, a citizen of

5   Delaware and New Jersey.

6       4.      Furthermore, the alleged amount in controversy exceeds $75,000,

7   exclusive of interest and costs, for the reasons more fully briefed below.

8   **I.      <u>PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET</u>**

9       5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446, as it is

10  filed within 30 days of Defendants' receipt of the initial pleading purporting to set

11  forth the claims for relief on which this action is based.

12      6.      Defendants were served with a copy of the Complaint on March 18,

13  2022. The filing of this Notice of Removal, therefore, is timely because Defendants

14  are filing it "within 30 days after receipt by the defendant, through service or

15  otherwise, of a copy of the initial pleading setting forth the claim for relief upon

16  which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

17      7.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of

18  Removal a copy of the Complaint, Summons, Civil Case Cover Sheet, Notice of

19  Inclusion in Delay Reduction Program and Notice of Case Management

20  Conference, as well as the state court docket at the time of filing.  *See* Beamer

21  Decl., Ex. 1; *see also* Request for Judicial Notice ("RJN"), Ex. 1.

22      8.      Pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a), this Notice of

23  Removal is being filed in the United States District Court for the Northern District

24  of California.  Venue for this action is proper in this Court under 28 U.S.C. §

25  1441(a) because Humboldt County is located within the United States District

26  Court for the Northern District of California.  *See* 28 U.S.C. § 84(a).  Accordingly,

27  the Northern District of California is the federal "district and division embracing

28  the place where such action is pending."  28 U.S.C. § 1441(a).

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1    9.    Pursuant to 28 U.S.C. § 1446(d), Defendants are filing with the clerk
2    of the Superior Court of the State of California for the County of Humboldt, and
3    serving upon Plaintiffs' counsel, a Notice to Adverse Party and State Court of
4    Removal of Action to Federal Court, including a true and correct copy of this
5    Notice of Removal.  Proof of the same will be filed with this Court.

6    10.    Defendants have complied with 28 U.S.C. § 1446(b)(2)(A) insofar as
7    there are no other defendants that must join in or consent to removal.  *See, e.g.*, 28
8    U.S.C. § 1446 (b)(2)(A) ("When a civil action is removed solely under section
9    1441(a), all defendants who have been properly joined and served must join in or
10   consent to the removal of the action.").  The other defendants, the unknown
11   "DOES 1-10," are not required to join in or consent to removal.  *See United*
12   *Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (noting
13   that the "rule of unanimity" for removal does not apply to "nominal, unknown or
14   fraudulently joined parties"); *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213
15   (9th Cir. 1980) (holding that removal to federal court was proper as "the unknown
16   defendants sued as 'Does' need[ed] not be joined in a removal petition"); *Cont'l*
17   *Ins. Co. v. Foss Mar. Co.*, 2002 WL 31414315, at *4 (N.D. Cal. Oct. 23, 2002)
18   (noting that "all defendants in a state action must join in the petition for removal,
19   except for nominal, unknown, or fraudulently joined parties.")  Thus, Defendants
20   may remove without any other parties' concurrence.

21   11.    No previous application has been made for the relief requested herein.

22   **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL**
23   **JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

24   12.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § §1332,
25   1441 because this is a civil action among citizens of different states in which the
26   amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

### A.   There Is Complete Diversity Among The Parties

13.   This case is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(1).  As explained below, all defendants are diverse from Plaintiffs.

### a.  Plaintiffs Are Citizens Of California

14.   Plaintiff Joshua Rosewolf ("Plaintiff Rosewolf") is, and was at the time of filing the Complaint, a citizen of California.  Compl. ¶ 7.

15.   Plaintiff Veronica Lewis ("Plaintiff Lewis") is, and was at the time of filing the Complaint, a citizen of California. Compl. ¶ 7.

### b.  Merck Sharp & Dohme Corp. Is A Citizen Of New Jersey

15.   Plaintiffs concede that Merck Sharp & Dohme Corp. is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; Beamer Decl. ¶¶ 4-5, Ex. 2, California Secretary of State Statement of Information for Merck Sharp & Dohme Corp. (stating that Merck Sharp & Dohme Corp. is registered within the jurisdiction of New Jersey); RJN, Ex. 2.  Thus, Merck Sharp & Dohme Corp. is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

### c.  Merck & Co., Inc., Is A Citizen Of New Jersey

16.   Plaintiffs concede that Merck & Co., Inc., is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; Beamer Decl. ¶¶ 6-7, Ex. 3, New Jersey Secretary of State Short Form Standing Certificate for Merck & Co., Inc., (stating that Merck & Co., Inc., is a domestic for-profit corporation registered within the jurisdiction of New Jersey); RJN, Ex. 3; *see also* Beamer Decl. ¶¶ 8-9, Ex. 4, New Jersey Secretary of State Business Entity Status Report for Merck & Co., Inc., (stating that Merck & Co., Inc., is registered within the jurisdiction of New Jersey); RJN, Ex. 4.  Thus,

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Merck & Co., Inc., is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

### d. Organon & Co. Is A Citizen Of Delaware and New Jersey

17.    Plaintiffs concede that Organon & Co. is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey.  *See* Compl. ¶ 14; Beamer Decl. ¶¶ 10-11, Ex. 5, Delaware Division of Corporations Short Form Standing Certificate for Organon & Co., (stating that Organon & Co. is a domestic for-profit corporation registered within the jurisdiction of Delaware); RJN, Ex. 5; *see also* Beamer Decl. ¶¶ 12-13, Ex. 6, New Jersey Secretary of State Short Form Standing Certificate for Organon & Co., (stating that Organon & Co. is a foreign for-profit corporation with its principal place of business within the jurisdiction of New Jersey); RJN, Ex. 6. Thus, Organon & Co. is a citizen of both Delaware and New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

### e. Organon LLC Is A Citizen Of Delaware and New Jersey

18.    Plaintiffs concede that Organon LLC is now, and was at the time that Plaintiffs filed this action, a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Compl. ¶ 14; Beamer Decl. ¶¶ 14-15, Ex. 7, Delaware Division of Corporations Short Form Standing Certificate for Organon LLC (stating that Organon LLC is a domestic limited liability company registered within the jurisdiction of Delaware); RJN, Ex. 7; *see also* Beamer Decl. ¶¶ 16-17, Ex. 8, New Jersey Secretary of State Short Form Standing Certificate for Organon LLC (stating that Organon LLC is a foreign for-profit limited liability company with its principal place of business within the jurisdiction of New Jersey); RJN, Ex. 8.

1   Thus, Organon LLC is a citizen of both Delaware and New Jersey for purposes of

2   determining diversity.  28 U.S.C. § 1332(c)(1).[2]

    f.   Citizenship Of The DOE Defendants Shall Not Be Considered

3

4       19.     The citizenship of the DOE defendants shall not be considered for

5   purposes of determining diversity jurisdiction, as these are fictitious defendants.

6   *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

7   the basis of the jurisdiction under section 1332(a) of this title, the citizenship of

8   defendants sued under fictitious names shall be disregarded.").[3]

9       20.     Based on the above, there is complete diversity among Plaintiffs and

10  Defendants, and this Court has diversity jurisdiction under 28 U.S.C. § 1332; *see*

11

12  [2] Organon & Co. is the sole member of Organon LLC.  *See* Beamer Decl. ¶¶ 18-19,
    Ex. 9**,** California Secretary of State Statement of Information for Organon LLC
13  (listing Organon & Co as membership for Organon LLC). The citizenship of entities
    other than corporations is determined by the citizenship of their members. *See*
14  *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Johnson v. Columbia Props.*
    *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Organon & Co. is a
15  citizen of New Jersey and Delaware, Organon LLC is therefore deemed a citizen of
    those two states, as well.

16  [3] In the event that any DOE defendants are forum defendants, *i.e.*, citizens of
    California for diversity purposes, it is not a bar to removal under 28 U.S.C. section
17  1441(b), which provides that removal is allowed only if "none of the parties in
    interest properly joined and served as defendants is a citizen of the State in which
18  such action is brought."  28 U.S.C. § 1441(b).  Under the plain language of Section
    1441(b), the no forum defendant rule applies only once such defendant has been
19  properly joined and served. *Id.; see also Allen v. Eli Lilly & Co.*, 2010 WL
    3489366, at *2 (S.D. Cal. Sept. 2, 2010) (denying motion to remand and upholding
20  the removal of the action, finding the presence of local defendants did not preclude
    removal jurisdiction because no local defendant was a party to the action at the
21  time of removal and complete diversity of the parties continues to exist after the
    local defendants were or are served and made parties); *Zirkin v. Shandy Media,*
22  *Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019) (denying motion to remand
    and upholding the forum defendants' removal before service, finding "the Forum
23  Defendant Rule did not bar an in-state defendant from removing an action before
    the defendant is served."); *May v. Haas*, 2012 WL 4961235, at *3 (E.D. Cal. Oct.
24  16, 2012) (denying motion to remand and upholding the removal of the action,
    finding that the forum defendant had not been served at the time the non-forum
25  defendant removed the case and complete diversity continues to exist between the
    parties after the forum defendant has been served.); *Loewen v. McDonnell*, 2019
26  WL 2364413, at *9 (N.D. Cal. June 5, 2019) (denying motion to remand, finding
    the removal was effective before any forum defendant was served and complete
27  diversity continues to exist between the parties); *id.* at *7 (holding "the Northern
    District of California has consistently held a defendant may remove an action prior
28                                                                  (continued…)

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity

2  jurisdiction does not exist unless each defendant is a citizen of a different State

3  from each plaintiff").

4  **B.** **The Amount-In-Controversy Requirement Is Satisfied**

5  21.  The amount in controversy exceeds $75,000 notwithstanding that

6  Plaintiffs do not allege a specific amount in controversy in the Complaint.[4]

7  22.  Under 28 U.S.C. § 1446(c)(2):

If removal of a civil action is sought on the basis of the
jurisdiction conferred by section 1332(a), the sum demanded in
good faith in the initial pleading shall be deemed to be the
amount in controversy, except that:

(A)  the notice of removal may assert the amount in
controversy if the initial pleading seeks . . . (ii) a money
judgment, but the State practice either does not permit
demand for a specific sum or permits recovery of damages
in excess of the amount demanded, and

(B)  removal of the action is proper on the basis of an amount
in controversy asserted under subparagraph (A) if the
district court finds, by the preponderance of the evidence,
that the amount in controversy exceeds the amount
specified in section 1332(a).

20  28 U.S.C. § 1446(c)(2)(A)-(B); Federal Courts Jurisdiction and Venue

21  Clarification Act of 2011, Pub. L. 112-63, Dec. 7, 2011.

to receiving proper service, even when the defendant resides in the state in which
the plaintiff filed the state claim"); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482
(C.D. Cal. 2007) (holding that "a resident defendant who has not been served may
be ignored in determining removability"); *City of Ann Arbor Employees'*
*Retirement Sys. v. Gecht*, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007)
(holding that "'[p]laintiff should have been cognizant of the fact that a nonresident
defendant could remove a case without having been served"); *Republic W. Ins. Co.*
*v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (denying motion for
remand where local defendant had not been served at time of removal).

[4] Defendants deny all allegations contained in Plaintiffs' Complaint and deny that
Plaintiffs are entitled to any relief sought.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

7

23. When a plaintiff does not allege a specific amount for damages, the removing defendant need only show that the amount in controversy is "more likely than not" to exceed the jurisdictional amount of $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Where the amount in controversy is not specified, courts look to the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence"); 28 U.S.C. § 1446(c)(2). Courts may receive extrinsic evidence to determine whether the amount in controversy is more likely than not to exceed $75,000. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."). Indeed, courts may find an estimate of damages based upon damage awards in similar cases as sufficient evidence to prove by a preponderance of the evidence that a plaintiff's claims exceed the jurisdictional limit. *See Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1207 (2006) (awarding damages in excess of the jurisdictional amount of $75,000 in product liability case); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 997 (2005) (same).

24. While Plaintiffs' Complaint does not allege a specific amount in controversy, Plaintiffs allege that they have "sustained pecuniary loss and general damages in a sum exceeding the jurisdictional minimum of this Court." Compl. ¶¶ 214, 231; Beamer Decl. ¶ 3, Ex. 1. Further, it is facially evident that the amount in controversy is satisfied. Plaintiff Lewis alleges that she took branded and/or generic Singulair (also known as Montelukast) for allergy treatment during the years 2012 through 2020 pursuant to a prescription by her healthcare provider. Compl. ¶ 9. Plaintiff Lewis alleges that, after she began taking Singulair, she "suffered neuropsychiatric injury including depression." Compl. ¶ 9.

8

25.     Plaintiff Rosewolf alleges that he took branded and/or generic Singulair (also known as Montelukast) for allergy treatment during the years 2005 through 2008 pursuant to a prescription by his healthcare provider.  Compl. ¶ 8. Plaintiff Rosewolf alleges that, after he began taking Singulair, he "suffered neuropsychiatric injury including depression, anxiety, hostility, suicidality, and tics." Compl. ¶ 8.

26.     Plaintiffs allege they became symptomatic while using Singulair. Compl. ¶ 10.  Plaintiffs further allege that they "have incurred medical expenses and will continue to incur expenses in connection with medical treatment as a result of [their alleged] injuries."  Compl. ¶ 11.  Plaintiffs also allege they "have endured and will continue to endure pain, suffering, mental anguish, trauma, and loss of enjoyment of life as a result of these injuries, have suffered lost earnings and/or a loss of earning capacity, and other injuries and damages to be proven at trial."  Compl. ¶ 11.

27.     Accordingly, Plaintiffs assert causes of action for: (1) Strict Liability – Design Defect; (2) Strict Liability – Failure to Warn; (3) Negligence; (4); Negligent Misrepresentation; (5) Breach of Express Warranty; and (6) Breach of Implied Warranty.  Compl. ¶¶ 104-234.  Plaintiffs seek to recover past and future general damages, past and future economic and special damages, loss of earnings and impaired earning capacity, medical expenses, past and future, punitive or exemplary damages, attorney's fees, costs of suit incurred, for pre-judgment interest as provided by law, and for such other and further relief as the Court may deem just and proper. Compl. ¶¶ 8-11, Prayer for Relief at 41 (¶¶ 1-9).

28.     Where, as here, a plaintiff alleges a serious psychological injury, California federal courts have found that the amount-in-controversy requirement is satisfied.  *See, e.g.*, *Bryant v. Apotex, Inc.*, 2012 WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012) (holding the amount-in-controversy requirement was met, although "complaint [did] not set forth a specific amount of damages," because plaintiff

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

sought "compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages"); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2-3 (E.D. Cal. Mar. 17, 2006) (holding the amount in controversy exceeded $75,000 where plaintiffs asserted strict product liability, negligence, and breach of warranty claims and sought compensatory damages, including lost wages and loss of earning capacity, medical expenses, and general damages).

29.    California cases also reveal that jury awards and settlements based on conditions similar to those alleged by Plaintiffs may exceed the $75,000 jurisdictional amount. *See, e.g.*, *Howard v. Doe Companies*, 2000 Jury Verdicts LEXIS 64660 (May 25, 2000) (settlement for $150,000 for ephedrine-induced psychosis, including insomnia and racing thoughts, and ultimately depression); *Snyder v. Kaiser Found. Hosp.*, 1997 Jury Verdicts LEXIS 91524 (Sup. Ct. San Diego County June 1997) (arbitrator awarded $360,000 where plaintiff experienced hallucinations after taking prescribed medication and incurred additional physical injuries as a result); *Confidential v. Confidential*, 2009 Jury Verdicts LEXIS 12779 (Sup. Ct. L.A. October 1994) (settled for $150,000 for psychological problems and hallucinations resulting from Prozac prescription); *Boller v. Placer Union High Sch. Dist.*, Case No. SCV 7478, 2000 Jury Verdicts LEXIS 65056 (Sup. Ct. Auburn County, Apr. 14, 2001) (jury awarded $158,750 for depression, insomnia, and anxiety); *Maher v. Ideal Computer Servs., Inc.*, Case No. RG07348498, 2009 Jury Verdicts LEXIS 410244 (Sup. Ct. Alameda County September, 2009) (awarding $86,000 for depression, anxiety and emotional distress); *Lantz Greene v. Yucaipa Towing Inc.*, Case No. RIC10022388, 2013 Jury Verdicts LEXIS 7608 (Sup. Ct. Riv. County June 11, 2013) (awarding $540,000 in emotional distress, lost wages, and punitive damages).

30.    Likewise, California federal courts recognize that the amount-in-controversy requirement is satisfied in analogous product liability cases alleging

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

10

continuing medical care.  *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at \*2 (C.D. Cal. Oct. 2, 2015) (holding it was "more likely than not" that the amount in controversy exceeds $75,000, given the plaintiffs allege "severe" bodily injuries and "mental and physical pain and suffering" following the failure of defendant's mesh implant product); *Zalta v. K2M, Inc.*, 2013 WL 12140470, at \*2 (C.D. Cal. Nov. 13, 2013) (finding that the defendant demonstrated, by a preponderance of the evidence, that the amount-in-controversy requirement was satisfied, given that the plaintiff sought "lost wages, hospital and medical expenses, general damages, and lost earning capacity" following the installment of a defective cervical plate); *Zachman v. Johnson & Johnson*, 2015 WL 7717190 (N.D. Cal. Nov. 30, 2015) (amount-in-controversy requirement satisfied where prescription medication Levaquin allegedly caused the plaintiff's peripheral neuropathy).

31.   Considering the nature and extent of Plaintiffs' alleged injuries and damages, Plaintiffs' claims exceed this Court's minimum $75,000 jurisdictional limit.

32.   Based on the foregoing, Plaintiffs' state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because: (1) this is a civil action pending within the jurisdiction of this Court; (2) this action is among citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

33.   This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

34.   By filing the Notice of Removal, Defendants do not waive any objections as to service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise.  Defendants intend no admission of fact or law by this Notice of Removal and expressly reserve all defenses and motions.  Defendants also reserve the right to amend or supplement this Notice of Removal.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

35.     If Plaintiffs seek to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event that the Court decides that remand is proper, Defendants ask that the Court retain jurisdiction and allow them to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## III.     <u>CONCLUSION</u>

In sum, Defendants hereby remove the above-captioned action from the Superior Court of the State of California, County of Humboldt, to the United States District Court for the Northern District of California.

Dated: March 31, 2022                 By: _____

Shannon E. Beamer
Nicole N. King
Steven E. Swaney
Attorneys for Defendants
MERCK & CO., INC.,
MERCK SHARP & DOHME CORP.,
ORGANON & CO., AND
ORGANON LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA    )
                        ) ss.

3

COUNTY OF LOS ANGELES )

4

      I am employed in the County of Los Angeles, State of California.  I am over

5

the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, California._____.

6

      On March 31, 2022, I served a copy of the foregoing document(s) described

7

as **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (a), 1441(b), AND 1446 BY DEFENDANTS MERCK & CO.,

8

INC., MERCK SHARP & DOHME CORP., ORGANON & CO., AND ORGANON LLC** on the interested parties in this action addressed as follows:

9

Kevin P. Roddy,                         *Counsel for Plaintiff*
WILENTZ, GOLDMAN & SPITZER, P.A.

10

90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095

11

Tel: (732) 855-6402
Email: kroddy@wilentz.com

12

13

Kimberly Beck, Pro Hac Vice          *Counsel for Plaintiff*
BECK LAW CENTER

14

201 E. 5th Street, Suite 1900
Cincinnati, Ohio

15

Tel: (888) 434-2912
Email: kim@becklawcenter.com

16

Shehnaz M. Bhujwala,              *Counsel for Plaintiff*
BOUCHER LLP

17

21600 Oxnard Street, Suite 600
Woodland Hills, California 91367

18

Tel: (818) 340-5400
Fax: (818) 340-5401

19

Email: bhujwala@boucher.la

20

☑     By placing true copies thereof enclosed in a sealed envelope(s) addressed as

21

stated above.

22

☑     **BY MAIL (FRCP 5(b)(2)(C))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the

23

U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with

24

postage thereon fully prepaid at, in the ordinary course of business.

25

      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury

26

under the laws of the United States of America that the above is true and correct.

27

      Executed on **March 31, 2022**, at Los Angeles, California.

28

_____
Kassandra Valdovinos

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900