UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROSEWOLF,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | Case No. 22-cv-02072-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

Now before the Court for consideration is the motion to dismiss filed by Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Organon & Co., and Organon, LLC ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HERREBY GRANTS Defendants' motion. The Court will grant Rosewolf leave to amend.

### BACKGROUND[1]

Defendants manufacture and sell the brand-name drug "Singulair" and held patent rights in montelukast, Singulair's active ingredient, until the patent expired in August 2012. (*See, e.g.*, Compl. ¶¶ 2, 28.) After the patent expired, other companies began to manufacture and sell generic monteluskat. (*Id.* ¶ 87.) Plaintiff Joshua Rosewolf ("Rosewolf") alleges that monteluskat can cause neuropsychiatric injury by crossing the blood-brain-barriers. According to Rosewolf, Defendants knew monteluskat could cause these types of injuries but failed to warn of those risks and failed to maintain the accuracy and adequacy of Singulair's warning label. (*Id.* ¶¶33-39, 46-

---

[1] This is one of five cases pending before the undersigned. The other four cases are *Starr v. Merck & Co., Inc., et al.*, No. 22-2138-JSW, *Skinner v. Merck & Co., Inc.*, No. 2260-JSW, *Gibson v. Merck & Co., Inc., et al.*, No. 22-2263-JSW, and *Anderson, et al., v. Merck & Co., Inc.*, No. 22-2991-JSW. On August 9, 2022, the Court granted Defendants' motion to sever and denied the Plaintiffs' cross-motion to consolidate in this case and in the *Gibson* case. (*See* Dkt. No. 46.)

1

92.) Rosewolf also alleges that Defendants "engaged in an extensive campaign to educate physicians in California about the alleged benefits of Singulair" but misrepresented its safety in that campaign. (*Id.* ¶ 21.)

On March 4, 2020, the Food and Drug Administration ("FDA") required Defendants to add a Black Box Warning to Singulair's label and required a new medication guide. That warning stated:

> Serious neuropsychiatric events have been reported in patients taking Singulair. These include:
>
> agitation, aggressive behavior or hostility, anxiousness, depression, disorientation, disturbance in attention, dream abnormalities, dysphagia (stuttering), hallucinations, insomnia, irritability, memory impairment, obsessive-compulsive symptoms, restlessness, somnambulism, suicidal thoughts and behavior (including suicide), tic, and tremor …
>
> Psychiatric disorders: agitation including aggressive behavior or hostility, anxiousness, depressions, disorientation, dream abnormalities, hallucinations, insomnia, irritability, restlessness, somnambulism, suicidal thinking and behavior (including suicide), tremor [*see Warnings and Precautions (5.4)*].

(Compl., ¶ 4 (emphasis in original)).

According to Rosewolf, the warning also states that "the benefits of Singulair may not outweigh the risks," and the FDA noted in a press release that "many patients and health care professionals are not fully aware of these risks." (*Id.*) Rosewolf alleges that if he or his physician had known that Singulair "could cause [him] to suffer neuropsychiatric events, [the physician] would not have prescribed Singulair," and Rosewolf would not have ingested it. (*Id.* ¶ 11; *see also id.* ¶ 86.) Rosewolf also alleges that:

> Within the period of any applicable statute of limitations, [he] could not have discovered through the exercise of reasonable diligence that Singulair caused a significantly increased risk of adverse neuropsychiatric events.
>
> [He] did not discover, and did not know of, facts that would have caused a reasonable person to suspect that his injuries were caused by Defendants' concealment and suppression of the fact that individuals who ingested Singulair were at significantly increased risk of developing neuropsychiatric events.
>
> [He] could not have reasonably discovered the true extent of Defendants' deception or suppression about Singulair's safety until

1
2
      the FDA required the Boxed Warning about the serious mental health side effects for Singulair and the advisement on the restriction of use of Singulair.

3   (*Id.* ¶¶ 94-96.)

4         The Court will address additional facts as necessary in the analysis.

5   **ANALYSIS**

6   **A.   Applicable Legal Standards.**

7         When a defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's inquiry generally "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.   Rosewolf Fails Plead the Statute of Limitations Should be Tolled.**

      Defendants argue Rosewolf's claims are barred by the statute of limitations and that he fails to allege the limitations period should be tolled. "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A court can grant a motion to dismiss on this

3

1  basis "only if the assertions of the complaint, read with the required liberality, would not permit
2  the plaintiff to prove that the statute was tolled." *Id.*

3        Rosewolf alleges that he was prescribed and used Singulair from 2005 to 2008 and alleges
4  the drug caused him to suffer neuropsychiatric events including depression, hostility, suicidality,
5  and tics. (*Id.* ¶ 8.) California's statute of limitations for personal injury claims is two years. Cal.
6  Code Civ. P. § 335.1. Under California law, "a cause of action accrues at 'the time when the
7  cause of action is complete with all of its elements.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.
8  4th 797, 806 (2005) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397, (1999)). Rosewolf
9  filed his complaint on March 4, 2022.

10        Rosewolf does not dispute that his claims would be barred unless the discovery rule
11  applies. That rule delays accrual of a claim until "a plaintiff discovers or has reason to discover a
12  cause of action," *i.e.* when they have a "reason at least to suspect a factual basis for its elements."
13  *Id.* at 807; *see also Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988) (a plaintiff will have
14  reason to know of a claim when they have "notice or information of circumstances to put a
15  reasonable person on inquiry"). In order to successfully plead tolling based on the discovery rule,
16  Rosewolf must allege facts that show (1) how and when he discovered facts supporting the claim
17  and (2) despite being reasonably diligent, he could not discover those facts earlier. *Fox*, 35 Cal.
18  4th at 808.

19        Rosewolf alleges that he was put on notice of his claims when the FDA issued the Black
20  Box warning on March 4, 2020, but he does not allege that he actually saw the warning on that
21  date. Rosewolf stopped taking Singulair in 2008. If that was the date his claims accrued, the
22  claims would be timely. However, there is a twelve year gap between the date Rosewolf stopped
23  taking Singulair and the Black Box warning, and Rosewolf alleges he developed symptoms while
24  taking the drug. Rosewolf includes no facts about when he actually learned of the warning or
25  what he may have done prior to that date to investigate his symptoms. *See, e.g., Darringer v.*
26  *Intuitive Surgical, Inc.*, No. 15-cv-00300-RMW, 2015 WL 6735333, at *2 (N.D. Cal. Nov. 4,
27  2015) (plaintiff satisfied burden to plead time and manner of discovery where plaintiff alleged he
28  "first learned of litigation against defendant regarding defects in" product on April 19, 2013 when

he saw an online article).

Rosewolf relies, in part, on *Martin v. Medtronic, Inc,* No. 15-cv-00994-DAD-MJS, 2017 WL 825410, at *14 (E.D. Cal. Feb. 24, 2017) (citing *Retger v. Stryker Corp.*, 607 Fed. Appx. 732, 733 (9th Cir. 2015)). In that case, the plaintiff alleged he was injured by defendant's medical device. He alleged he received medical treatment for those injuries and alleged he relied on his doctor to inform him of the cause of the injury. The court concluded those allegations were sufficient to plead reasonable diligence. *Id.* Rosewolf argues that, like the plaintiff in *Martin*, he relied on his doctor to inform him of the causes of the symptoms he experienced and argues that neither he nor his physician were aware of the dangers Singulair posed. The Court does not find Rosewolf's reliance on *Martin* persuasive. Rosewolf not allege whether he discussed the symptoms with his physician. Although he does allege that his physician was not aware of the dangers Singulair allegedly posed, he does not allege that he depended on his physician to "inform him of the cause of the injury." *Martin*, 2017 WL 825410, at *14. The Court finds Rosewolf's reliance on *Eidson v. Medtronic, Inc.*, unpersuasive for similar reasons. 40 F. Supp. 3d 1202 (N.D. Cal. 2014). In that case, the court found the plaintiffs' allegations in an amended complaint were sufficient to allege tolling where they alleged their doctor did not inform them that the defective product was used during plaintiff's surgery and where the doctor later ascribed post-operative pain to a biological phenomenon. *Id.* at 1222.

Finally, a plaintiff is "charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry *or* if they have the opportunity to obtain knowledge from sources open to [their] supervision." *Fox*, 35 Cal. 4th at 807-08 (internal quotation marks omitted). Rosewolf includes information about Singulair's earlier warning labels and also describes studies regarding the potential for neuropsychiatric events. Rosewolf fails to allege facts to show why that information would not have put him on inquiry notice of his claim.

Accordingly, the Court concludes that Rosewolf's allegations are insufficient to plead around the statute of limitations, and it GRANTS Defendants' motion to dismiss. Because the Court cannot say it would be futile, it will grant Rosewolf leave to amend.

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and GRANTS Rosewolf leave to amend. Defendants raised arguments about the merits of Rosewolf's claims that are nearly identical to arguments raised in motions to dismiss filed in the related cases. The Court will issue a separate order resolving those motions. Rosewolf may file an amended complaint within 21 days from the date the Court issues that Order, and Defendants shall answer or otherwise respond to an amended complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: August 16, 2022

_____
JEFFREY S. WHITE
United States District Judge